**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-4150**

_____

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

ANTHONY SALVADOR GEPPI, a/k/a Ant, a/k/a Anthony E. Hill, a/k/a Anthony Salvador Jeppi,

           Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, Senior District Judge. (2:95-cr-00049-RGD-4)

_____

Submitted: September 28, 2017              Decided: October 2, 2017

_____

Before WILKINSON, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Suzanne V. Katchmar, Assistant Federal Public Defenders, Norfolk, Virginia, for Appellant. Daniel Taylor Young, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Salvador Geppi appeals from the district court's order revoking his supervised release and imposing a 22-month sentence. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Geppi's sentence was plainly unreasonable. The Government has declined to file a brief and Geppi was notified of his right to file a pro se informal brief, but he has not done so. We affirm.

This court will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. *United States v. Crudup*, 461 F.3d 433, 438-40 (4th Cir. 2006). While a district court must consider the Chapter Seven policy statements, U.S. Sentencing Guidelines Manual Ch. 7, Pt. B (2016), and the statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2012), the district court ultimately has broad discretion to revoke supervised release and impose a term of imprisonment up to the statutory maximum. *Crudup*, 461 F.3d at 438-39.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Chapter 7 advisory policy statements and the § 3553(a) factors it is permitted to consider in a supervised release revocation case. *See* 18 U.S.C. § 3583(e); *Crudup*, 461 F.3d at 439-40. A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440. Only if a

2

sentence is found procedurally or substantively unreasonable will this court "then decide whether the sentence is plainly unreasonable." *Id.* at 439 (emphasis omitted).

We discern no error in the district court's decision to impose a 22-month sentence and terminate supervision thereafter. The court adequately stated permissible reasons for the sentence including that Geppi exhibited a pattern of continuing criminal conduct and was not suited for supervision. The court also acknowledged that the sentence was within the statutory maximum of 23 months, and that it had considered the § 3553(a) factors it is permitted to consider in a supervised release revocation proceeding. *See* 18 U.S.C. § 3583(e); *Crudup*, 461 F.3d at 439-40. We have carefully reviewed the record and *Anders* brief and conclude that Geppi's sentence is not plainly unreasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the revocation judgment. This court requires that counsel inform Geppi, in writing, of the right to petition the Supreme Court of the United States for further review. If Geppi requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Geppi.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3